MARTHA KELL *vs.* T. M. ROGERS et al.

The statute (Hutch. Co. 651, § 30) provides that if any person interested shall within five years (after probate) appear, and by bill contest the validity of a will, " an issue shall be made up, whether the writing produced be the will of the testator or testatrix or not, which shall be tried by a jury in the circut court," &c. *Held*, that where the petition for an issue presents the facts contested, it is the duty of the court, without any further action on the part of the person desiring it, to make up the issue upon the facts presented.

ON appeal from the probate court of Amite county; Hon. James F. Loury, judge of the probate court of Amite county.

Martha Kell filed her petition in the probate court of Amite county, against the appellee's executors of the will of David Thompson, deceased, and others, stating that she is one of the children of said David Thompson, deceased; that petitioner married —— Kell in 1808; that her husband died in 1850; that her father, the said David, died in 1840; that after his death a paper was produced in the probate court of said Amite county, as the last will and testament of the said David, deceased; that said paper was admitted to record as his will, and letters testamentary granted by that court to the appellees; that said paper writing is not the last will of said David; that the pretended testator was *non compos mentis;* that it was procured by fraud, &c.; that the said David, in truth, died intestate; prays for an issue *devisavit vel non.*

The answer of the executors admits the personal history of Mrs. Kell, as stated in her bill, but denies the incompetency of David Thompson to make a will; denies that the will was procured by fraud, but avers that it was properly made and published, and probated, &c. &c.

Upon filing the answer to the April term, 1852, the court made this order : — "It is, therefore, ordered, that an issue *devisavit vel non* to contest the validity of the supposed will of David Thompson, deceased, be made up and sent to the circuit court, at the next May term, 1852, thereof, and cause continued.". At the May term, 1852, the cause was dismissed. The petitioner, Mrs. Kell, "declining to tender an issue, as required by a former order of the court."

She prayed an appeal, and the case is then brought into this court by appeal.

*Adams* and *Dixon*, for appellant,

Contended, that the court below had improperly dismissed the petition of the appellant for an issue, and cited Hutch. Code, 651, 652 ; North on Prob. 319, &c.

*Simrall*, for appellees,

In reply, cited and commented on H. & H. Co. 389.

Mr. Justice FISHER delivered the opinion of the court.

The petitioner alleges that she is one of the distributees of the estate of David Thompson, deceased, who died about the year 1840. That a paper purporting to be his last will and testament was admitted to probate, in the probate court of Amite county. That she believes said paper writing is not the last will of the deceased, but that he died intestate.

The object of the petition was to have an issue made up and sent to the circuit court, to try the fact, whether the paper admitted to probate is the last will and testament of the deceased. Upon the coming in of the answer, the court directed an issue to be made up and sent to the circuit court for trial. At the succeeding term of the probate court, the petition was dismissed on the ground that the petitioner had failed to tender

an issue, and the question for decision is, whether it was the duty of the court, without any further action on the part of the petitioner, to make up the issue, or whether she was bound to tender the issue which she desired for the action of a jury in the circuit court.

The statute, Hutch. Code, p. 651, 652, sec. 30, provides, that if any person interested shall, within five years (after probate), appear and by bill contest the validity of the will, " an issue shall be made up, whether the writing produced be the will of the testator or testatrix, or not,"— which shall be tried by a jury in the circuit court, &c. The petition presented the issue which the appellant desired, and it was the duty of the court, without any further action on her part, to make up the issue upon the facts as presented by the petition, if the first order was not already sufficient for that purpose.

Decree reversed, and cause remanded for further proceedings in the court below.